**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Michael James Deleo,<br><br>                     Debtor | Chapter 11<br>Case No. 21-20025 |

## ORDER OVERRULING SECOND AMENDED OBJECTION TO CLAIM NO. 4

The matter before the Court is the Debtor's Second Amended Objection to Claim No. 4 [Dtk. No. 162] (the "Objection"). The holder of Claim No. 4, Anthony Vegnani, filed a response to the Objection, [Dkt. No. 169], and the parties filed a related stipulation on the docket, [Dkt. No. 158]. The Court conducted a hearing in the contested matter on December 2, 2021. During that hearing, the Debtor and Mr. Vegnani stipulated that "there was, in fact, consideration exchanged" between Mr. Vegnani and Medlogix in connection with the settlement of a lawsuit brought by Mr. Vegnani against Medlogix in the United States District Court for the District of Massachusetts. In that litigation, Mr. Vegnani alleged that Medlogix was liable to him for a state court judgment rendered jointly and severally against the Debtor and Mass Medical Services ("MMS") because Medlogix had assumed the liabilities of MMS. Claim No. 4—the claim challenged by the Objection—arises out of that same state court judgment.

The Objection does not address section 502 or its command that, following an objection to a claim, the court must determine the amount of the claim as of the petition date. *See* 11 U.S.C. § 502(b). Here, the event in question—either Medlogix's agreement to pay, or the actual payment of, a certain sum of money to Mr. Vegnani—occurred after February 5, 2021, the date

of the voluntary petition in this case. In this sense, Medlogix's payment (or agreement to pay) does not provide a basis for disallowing Mr. Vegnani's claim, in whole or in part.[1]

The Objection is overruled, subject to the important limitation recognized by <u>Ivanhoe Building & Loan Association of Newark, N.J. v. Orr</u>, 295 U.S. 243 (1935): Mr. Vegnani is not entitled to receive from the Debtor, in this chapter 11 case, an amount that exceeds the amount of Mr. Vegnani's claim against the Debtor, as of the petition date, as reduced by the amount of the Medlogix settlement payment. *See* In re Del Baggio, 496 B.R. 600 (Bankr. N.D. Cal. 2012) (overruling objections to claims and holding that the "amount of those claims need not be reduced by the amounts received from co-obligor . . . unless Creditors would otherwise reap a double recovery").[2]

The Court rejects the Debtor's suggestion this his proposal, in the form of a chapter 11 plan, to pay Mr. Vegnani, over a 7-year term based on a 30-year amortization schedule, is the equivalent of full payment to Mr. Vegnani now (such that the Court should, at this point, disallow a portion of Mr. Vegnani's claim). *See* [Dkt. No. 153 § 4.8]. Even if the plan is confirmed under 11 U.S.C. § 1129, the lengthy payment term and the long amortization period militate against treating all deferred payments as actually received by Mr. Vegnani immediately upon confirmation.

Dated: December 8, 2021

                                       Michael A. Fagone
                                       United States Bankruptcy Judge
                                       District of Maine

---

[1] Neither the Objection nor Mr. Vegnani's response addresses 11 U.S.C. § 502(j), which deals with reconsideration of claims previously allowed or disallowed, or 11 U.S.C. § 509, which addresses claims of codebtors. As a result, this decision does not address the import, if any, of either section on Mr. Vegnani's claim (or the claim of any other person).

[2] This order does not determine whether, and to what extent, a plan that proposes to pay Mr. Vegnani's allowed claim must propose the payment of interest to account for payment over time. *See, e.g.,* 11 U.S.C. § 1129(b)(2)(B)(i).